UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| STEVEN WIMBERLY,<br><br>          Petitioner,<br><br>  v.<br><br>F. B. HAWS,<br><br>          Respondent. | No. ED CV 08-00605-DSF (VBK)<br><br>MEMORANDUM AND ORDER DENYING RESPONDENT'S MOTION TO DISMISS AND GRANTING PETITIONER'S REQUEST FOR A STAY |

**<u>INTRODUCTION</u>**

On April 10, 2008, Steven Wimberly, Sr. ("Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody," pursuant to 28 U.S.C. §2254. Petitioner raises the following claims: (1) Petitioner's Sixth and Fourteenth Amendment Constitutional rights were violated as to count one burglary charge because Petitioner was not arraigned on the burglary charge; (2) Petitioner's Eighth and Fourteenth Amendment Constitutional rights were violated due to juror misconduct; (3) Petitioner's Sixth Amendment constitutional rights were violated as the consecutive sentences were based on facts not admitted or found true by a jury beyond a reasonable doubt in violation of Petitioner's right to a jury trial and establishes a <u>Cunningham</u> violation; (4) Petitioner's

Fourteenth Amendment constitutional rights were violated by intentional prosecutorial misconduct where the prosecutor withheld evidence and knowingly used perjured testimony; (5) Petitioner's Sixth Amendment constitutional rights were violated as Petitioner was denied effective assistance of counsel; (6) Petitioner's Fifth Amendment constitutional rights to confront and cross-examine witnesses brought against him prejudicial evidence; (7) Petitioner's Fourteenth Amendment constitutional right to a fair trial due to his incompetency to stand trial by two clinical psychologists; and (8) Petitioner's Eighth Amendment constitutional right was violated as Petitioner's sentence was constitutionally excessive in violation of the cruel and unusual punishment ban. (See Petition at attached pp. 5A and 5B; 6A-6F.)

On June 13, 2008, Respondent filed a "Motion to Dismiss Petition for Writ of Habeas Corpus and Memorandum of Points and Authorities in Support Thereof" ("MTD") on the grounds that the Petition contains unexhausted claims. Specifically, Respondent contends that Grounds 1, 4, 5, 6 and 7 were not exhausted in the California Supreme Court.

On June 19, 2008, the Court issued a Minute Order ordering Petitioner to file an Opposition or Statement of Non-Opposition to the MTD. Further, in light of Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005), if Petitioner concedes that the claims contained in Grounds 1, 4, 5, 6 and 7 were not exhausted, Petitioner could request a Stay. Petitioner was advised that he must show whether "good cause" exists for Petitioner's failure to exhaust these claims and whether Petitioner has been diligent.

On June 30, 2008, Petitioner filed an Opposition to Respondent's Motion to Dismiss. In this document, Petitioner requested the Court to grant him a Stay if the Court found the claims unexhausted. (Opposition

2

at 2.)

The matter has been deemed submitted and is now ready for decision. Having reviewed the allegations in the Petition, the matters set forth in the Motion to Dismiss and Opposition, it is hereby ordered that the Motion to Dismiss be denied and Petitioner's request for a Stay be granted.

**BACKGROUND**

A San Bernardino County Superior Court jury convicted Petitioner of residential burglary and second degree burglary in violation of California Penal Code ("PC") §§459, 460, attempted theft of more than $400 from an elder in violation of PC §§664, 368(a), possession of a forged check with intent to defraud in violation of PC §475(a), and forgery with intent to defraud in violation of PC §470(d). The trial court sentenced Petitioner to state prison for an aggregate term of 54 years to life. (Respondent's Lodgment 1.)

On October 31, 2006, the California Court of Appeal affirmed the judgment with directions to the trial court to amend Petitioner's Abstract of Judgment to reflect his 25-years-to-life sentences on Counts 2, 4 and 5, which were originally imposed concurrent to Petitioner's sentence on Count 1, are stayed under PC §654. (Respondent's Lodgment 1.)

Petitioner filed a Petition for Review with the California Supreme Court on December 7, 2006. (Respondent's Lodgment 2.) The California Supreme Court denied the Petition for Review on January 17, 2007. (Respondent's Lodgment 2.)

Petitioner filed the within Petition on April 10, 2008.

3

## DISCUSSION

Respondent contends that the within Petition is a mixed petition and is unexhausted as Petitioner failed to exhaust Grounds 1, 4, 5, 6 and 7. Petitioner in his Petition for Review only exhausted his claims of jury misconduct, unauthorized consecutive sentences and cruel and unusual sentences contained in Grounds 2, 3 and 8.

Petitioner requests a Stay in light of Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005), wherein the United States Supreme Court held that a federal district court may stay a mixed habeas petition to allow a petitioner to present unexhausted claims to the state court. A District Court should stay, rather than dismiss, a mixed habeas petition if the Petitioner has good cause for his failure to exhaust, his unexhausted claims are meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. Id. at 278.

In Rhines, the Supreme Court noted that because of the total exhaustion requirement in Rose v. Lundy, 455 U.S. 509, 518-19, 102 S.Ct. 1198 (1982) and AEDPA's one-year statute of limitations, petitioners with mixed petitions "run the risk of forever losing their opportunity for any federal review of their unexhausted claims." Rhines, 125 S.Ct. at 1533. This risk arises because a petitioner could be faced with a choice of either striking his unexhausted claims and going forward with an exhausted petition or allowing the whole petition to be dismissed, without prejudice, as mixed. Under the first option, if Petitioner's original petition had already been decided on the merits, he could not include the newly exhausted claims in a subsequent petition, as the second petition would be subject to the strict limitations AEDPA places on successive petitions. See 28 U.S.C. §2244(b). The second option

available under <u>Rose</u> is no more desirable for a petitioner given the fact that AEDPA's one-year statute of limitations will likely have run before a petitioner is able to fully exhaust state court remedies on the mixed petition and return to federal court. <u>Rhines</u>, 125 S.Ct. at 1533-34.

In light of the above circumstances, <u>Rhines</u> concluded that a District Court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims. In making this determination, however, the Court held that the stay and abeyance procedure must be applied consistently with AEDPA's twin purposes: "reducing delays in the execution of state and federal criminal sentences" and encouraging "petitioners to seek relief from state courts in the first instant." <u>Rhines</u>, 125 S.Ct. at 1534. As a result, <u>Rhines</u> cautioned, a stay and abeyance should be available only in limited circumstances, and is appropriate only when the District Court determines that there was "good cause" for the failure to exhaust. <u>Rhines</u>, 125 S.Ct. at 535.

## **STAY AND ABEYANCE**

A. **Good Cause Standard**.

In <u>Riner v. Crawford</u>, 415 F.Supp.2d 1207, 1211 (D. Nev. 2006), the District Court held that "the good cause standard applicable in consideration of a request for a stay and abeyance of a federal habeas petition requires the petitioner to show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of the case or by circumstances over which he has little or no control, such as the actions of counsel either in contravention of the petitioner's clearly expressed desire to raise the

claim or when petitioner had no knowledge of the claim's existence." Id. at 1211.

Here, Petitioner's good cause for failing to exhaust his new claims sooner is that he is terminally ill with prostate cancer, has been heavily medicated and was undergoing chemotherapy. Petitioner alleges he relied on jailhouse lawyers who are not competent writ writers. Further, Petitioner alleges that prison authorities have failed to provide current legal materials and access to the law library. (See Opposition at 3; Declarations of Steven Wimberly and Delbert Paulino.) Thus, Petitioner contends that he was hampered from filing sooner by factors outside his control and good cause exists to grant a Stay.

### B. **Petitioner Contends That His Claims Contained In Grounds 1, 4, 5, 6 and 7 Are Meritorious**.

Petitioner contends that his burglary conviction is unconstitutional because he was not arraigned on the burglary charged in Count 1; that the prosecutor engaged in misconduct by withholding evidence and knowingly using perjured testimony; that Petitioner was denied effective assistance of counsel; that Petitioner was denied his right to confront and cross-examine witnesses because the trial court permitted the use of partial transcripts and a suggestive identification and that Petitioner was incompetent to stand trial. Petitioner contends that these claims are meritorious.

### C. **Diligent Conduct by Petitioner**.

Petitioner contends that he has acted with diligence and has not engaged in any intentional delay tactics. Petitioner alleges he was unable to file his state habeas petitions sooner due to being terminally

ill with cancer, being on medications and chemotherapy and limited law library access.

Petitioner requests a Stay in light of <u>Rhines v. Weber</u> in that good cause exists, his claims are potentially meritorious and he has not engaged in dilatory litigation tactics.

Petitioner's unexhausted claims appear colorable and there is no indication that Petitioner engaged in delaying tactics. Prior to staying a mixed petition, a Court need not require that the Petitioner delete the unexhausted issues, as previously required by Ninth Circuit case law. <u>Jackson v. Roe</u>, 425 F.3d 654, 659-61 (9th Cir. 2005).

**<u>ORDER</u>**

**IT IS HEREBY ORDERED** that (1) Respondent's Motion to Dismiss is **DENIED**; (2) Petitioner's Request for a Stay is **GRANTED**, provided Petitioner files a Status Report with this Court every 30 days advising the Court on the status of his state habeas petition pending in the California Supreme Court, and within 60 days from the date of the California Supreme Court's decision (assuming the California Supreme Court denies the petition) notifies this Court of the decision.

Petitioner is cautioned that should he fail to act within these time frames, the Court will order the Stay vacated <u>nunc pro tunc</u> and he will not be allowed to raise additional claims in this action.

DATED: November 3, 2008           /s/
                                  VICTOR B. KENTON
                                  UNITED STATES MAGISTRATE JUDGE

7